## THE SEMARAMIS.

## THE ALGIE.

## THE LIBERTY.

## THE PATRICIA.

## THE ALAMAC.

Nos. C–2617, C–2641, C–2570, C–2577, C–2525.

District Court, E. D. New York.

May 25, 1931.

See, also, 50 F.(2d) 624.

Howard W. Ameli, U. S. Atty., and Alfred C. McKenzie, Asst. U. S. Atty., both of Brooklyn, N. Y.

Louis Halle, of New York City, for claimant.

CAMPBELL, District Judge.

Motions were made before this court in each of the five above-entitled actions for the same relief, viz., motion for an order striking this case from the common-law calendar.

The only question presented is one of calendar practice, and the only purpose for the making of such motions, so far as I can see, is to delay the trial of those cases.

The moving parties call attention to rule 8 of the General Rules of this court, which reads as follows:

"8. Calendars.

• "There shall be kept by the Clerk three permanent calendars of issues awaiting trial, namely, the Common Law calendar, the Equity calendar, and the Admiralty calendar.

"Causes other than in Equity shall be placed upon the calendars to which they belong by the filing of a note of issue; each note of issue shall contain the docket number and full title of the cause, the names and addresses of the attorneys of record, the date of issue joined, the nature of the issue, and a request to add it to one of the calendars above named.

"Upon the Common Law calendar shall be placed all causes raising issues of fact of a civil nature triable by Court and Jury.

"Upon the Equity calendar shall be placed all issues of fact of a civil nature triable by the Court without a Jury—except causes in Equity brought on for hearing upon exceptions to a Master's report and issues in involuntary proceedings in bankruptcy wherein no jury trial is demanded.

"Upon the Admiralty calendar shall be placed all issues of fact arising in causes of admiralty and maritime jurisdiction, excepting causes brought on for hearing upon exceptions to a Commissioner's report."

The cases in question are not in reality admiralty causes, but are causes of civil forfeiture.

They are not indexed in the clerk's dockets of admiralty causes, but in the dockets designated "Civil".

They have for about eight years been docketed in the civil dockets and placed on the common-law calendar.

This was done not only for the convenience of the court, but to make it possible to have speedy trials in these cases, which was impossible on what was an overcrowded, and will always be an overcrowded, calendar, the admiralty calendar of this court.

The established practice has been uniformly followed of placing these cases on the common-law calendar, and, when a case of this character cognizable in admiralty is reached, for the court to resolve itself into an admiralty court and proceed with the trial as a court of admiralty.

Established practice has the same force and effect as a rule of the court, United States v. Stevenson, Fed. Cas. No. 16,395; Fullerton v. United States Bank, 26 U. S. (1 Pet.) 604, 612, 7 L. Ed. 280; Duncan v. United States, 32 U. S. (7 Pet.) 435, 451, 8 L. Ed. 739.

The motions are severally denied.